IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VICTORIA MENDOZA,<br><br>        Petitioner,<br><br>vs.<br><br>TERRY THOMPSON, Weber County Sheriff, WEBER COUNTY,<br><br>        Respondents. | MEMORANDUM DECISION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241<br><br><br>Case No. 1:15-cv-00090-DN<br>District Judge David Nuffer |

   Petitioner Victoria Mendoza's petition for a writ of habeas petition filed under 28 U.S.C. § 2241 has been carefully considered, along with the motion to dismiss filed by Respondents, the parties' oral arguments at the hearing September 15, 2015, and all relevant rules and statutory provisions. Mendoza's petition does not challenge the lawfulness of her pretrial detention and otherwise fails to raise a cognizable claim under § 2241.  There is,therefore, no jurisdiction to consider the petition under § 2241.  And even had Mendoza challenged the legality of her pretrial custody, she has not exhausted her state court remedies, which are still available to her, barring a claim under §2241.  Any claims under that section are dismissed from the petition. Her petition may, however, have merit under 28 U.S.C. § 1983 but the merits of that claim will be dealt in a separate order..

**FACTUAL AND PROCEDURAL BACKGROUND**

*Summary of Criminal Allegations*

On October 18, 2014, Mendoza was driving on I-15 with the victim, Tawnee Baird.[1] When a physical fight erupted between the two, Mendoza allegedly drew her knife from her pocket and began stabbing Tawnee repeatedly in the neck, face, and chest, causing her death.[2] Mendoza then drove to a church in Ogden where she called her sister and allegedly told her that she had just killed Tawnee.[3] Mendoza's sister called the police, who responded to the church.[4] Mendoza was interviewed and, after being given *Miranda* warnings, allegedly admitted to repeatedly stabbing Tawnee.[5]

*Pretrial Proceedings*

Mendoza was charged on October 21, 2014 with one count of murder, a first-degree felony, under Utah Code Ann. § 76-5-203.[6] At her initial appearance the following day, Mendoza indicated that she intended to retain private counsel.[7] The district court set bail at $100,000.[8] The following day, the State provided notice of its intent to request that bail be modified to an amount commensurate with the danger she posed to society and the risk that she

---

[1] *See* Probable Cause Aff. & Order of Detention, attached as Exhibit A to Opposition to Motion for Preliminary Injunction, docket no. 21-1, filed September 11, 2015.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *See* Information, attached as Exhibit B to Opposition to Motion for Preliminary Injunction, docket no. 21-2, filed September 11, 2015.

[7] *See* Criminal Docket at 3, attached as Exhibit C to Opposition to Motion for Preliminary Injunction, docket no. 21-3, filed September 11, 2015.

[8] *Id.*

would not appear for trial.[9]  At a hearing convened on October 30, 2014, Mendoza's current attorney, Michael Studebaker, entered his appearance as private counsel.[10]  The trial court continued the hearing on bail modification, but the parties agreed, and the court ordered, that Mendoza be held without bail until the next hearing.[11]  The bail modification issue was heard on November 24, 2014.[12]  Based on Mendoza's history of non-compliance with court orders, including eight contempt charges in juvenile court, the extreme violence of the alleged crime, and the strength of the State's case, the trial court continued its no-bail order.[13]  Mendoza is currently incarcerated in the Weber County Correctional Facility.[14]

Although Utah's Indigent Defense Act (IDA) prohibits public funding for defense resources where a defendant is represented by private counsel,[15] Mendoza moved the trial court to order Weber County to provide the funding to hire an investigator and potential experts.[16]  She argued that the IDA was unconstitutional under the Sixth Amendment.[17]  She also argued that even if the IDA were constitutional, the Weber County public defender system violated the Sixth

---

[9]State's Mot. to Modify Bail, attached as Exhibit D to Opposition to Motion for Preliminary Injunction, docket no. 21-4, filed September 11, 2015.

[10]*See* Criminal Docket at 4.

[11]*Id.*

[12]*Id.* at 6-7.

[13]State's Mot. to Modify Bail at 2; Criminal Docket at 7.

[14]Pet. for Writ of Habeas Corpus ("Habeas Pet.") at 1, docket no. 2, filed July 13, 2015.

[15]*See* Utah Code Ann. § 77-32-303(2) (except as otherwise provided, "if a county or municipality has contracted or otherwise provided for a defense services provider, the court may not order, . . . and the county or municipality may not provide defense resources for a defendant who has retained private counsel.").

[16]Mem. in Supp. of Mot. for Expert and Investigator Funds ("Funding Mot.") at 21, attached as Exhibit E to Opposition to Motion for Preliminary Injunction, docket no. 21-5, filed September 11, 2015.

[17]*Id.* at 4-8.

Amendment.[18] According to Mendoza, the Weber County public defender system is so underfunded that it cannot provide the basic tools of an adequate defense, thereby preventing public defenders from effectively representing their indigent clients.[19] Thus, Mendoza argued that she was in the untenable position of either keeping the attorney of her choice, but not having access to public funds to hire an investigator and experts, or opting into a public defender system that is so deficient that it cannot ensure her adequate representation under the Sixth Amendment.[20] The State opposed the motion, arguing that the IDA was constitutional and that Weber County's public defender system was not deficient.[21] After hearing oral argument on the matter, the trial court denied Mendoza's motion.[22]

Mendoza then petitioned for discretionary review from the Utah Supreme Court of the trial court's interlocutory order.[23] The petition was then transferred to the Utah Court of Appeals.[24] But before the petition was granted and the issues briefed, the Utah Supreme Court issued its decision in *State v. Earl*,[25] which resolved many of the legal issues raised in Mendoza's interlocutory review petition, including that the IDA is constitutional under the Sixth Amendment.

---

[18]*Id.* at 8-11, 17-21.

[19]*Id.*

[20]*Id.*

[21]State's Mem. in Opp. to Def's Mot. at 14-18, attached as Exhibit F to Opposition to Motion for Preliminary Injunction, docket no. 21-6, filed September 11, 2015.

[22]Findings of Fact and Conclusions of Law at 8, attached as Exhibit G to Opposition to Motion for Preliminary Injunction, docket no. 21-7, filed September 11, 2015.

[23]Notice of Pet. for Review of Interlocutory Order, attached as Exhibit H to Opposition to Motion for Preliminary Injunction, docket no. 21-8, filed September 11, 2015.

[24]Order (from Utah Supreme Court), attached as Exhibit I to Opposition to Motion for Preliminary Injunction, docket no. 21-9, filed September 11, 2015. *See also* Utah R. App. P. 5(a), 42(a).

[25]345 P.3d 1153 (Utah 2015).

However, because *Earl* involved defendants charged with crimes in Salt Lake County and Utah County, it did not resolve *Mendoza's* claim that the Weber County public defender system violated the Sixth Amendment by failing to provide the basic tools of an adequate defense and preventing defense attorneys for indigent defendants from providing effective representation.[26] Nevertheless, in light of *Earl*, Mendoza moved the Utah Court of Appeals for a voluntary dismissal of her petition for interlocutory review.[27] The Court of Appeals granted Mendoza's motion and ordered the petition to be dismissed with prejudice.[28]

On February 27, 2015, the state trial court held a preliminary hearing.[29] After receiving evidence and hearing testimony, the court found probable cause to believe that the crime charged had been committed and that Mendoza committed it.[30] The court bound Mendoza over to district court for trial.[31] She was arraigned and pleaded not guilty.[32]

Mendoza filed her habeas petition on July 13, 2015, asking this court to enter an order releasing her from custody and requiring Weber County to provide funds to hire an investigator and experts in preparation for her defense at trial in state court.[33] She alleges she is entitled to this relief under 28 U.S.C. §§ 2241 and 1983.

---

[26]*Id.* at ¶¶3, 23.

[27]Habeas Pet. at 2; Order of Dismissal, attached as Exhibit J to Opposition to Motion for Preliminary Injunction, docket no. 21-10, filed September 11, 2015; Withdrawal of Mot. to Stay Proceedings, attached as Exhibit K to Opposition to Motion for Preliminary Injunction, docket no. 21-11, filed September 11, 2015.

[28]Order of Dismissal.

[29]Prelim. Hr'g Minutes at 1-2, attached as Exhibit L to Opposition to Motion for Preliminary Injunction, docket no. 21-12, filed September 11, 2015.

[30]*Id.* at 2; Utah R. Crim. P. 7(i)(2).

[31]Prelim. Hr'g Minutes at 1-2.

[32]*Id.*

[33]Habeas Pet. at 13.

## DISCUSSION

Mendoza asserts that she is in pretrial detention at the Weber County Correctional Facility.[34] But she never claims that her detention is unlawful. Rather, her claim for relief is that if she is required to give up her privately retained attorney in order to have access to publicly funded defense resources, she will not receive effective representation.[35] According to Mendoza, the Weber County public defender system is so underfunded, and its caseloads so great, that it cannot afford her the basic tools of an adequate defense, thereby preventing public defenders from providing the effective representation that the Sixth Amendment demands.[36]

As set forth in her petition, her claims are (1) that the Weber County public defender system cannot guarantee her Sixth Amendment rights; (2) that she "is being forced to have her 6th Amendment rights violated on the basis of being unable to choose the counsel of her choice"; and (3) that Respondents have violated her rights under 42 U.S.C. § 1983 by promulgating a "policy of violating . . . [her] 6th Amendment rights."[37] The relief she seeks is an order releasing her from custody and requiring Weber County to provide her private attorney with the funds necessary to obtain an investigator and defense experts.[38]

### A. Because Mendoza Does Not Challenge the Legality of Her Pretrial Custody, the Court Lacks Subject-Matter Jurisdiction to Consider Her Petition Under § 2241.

The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal

---

[34] *Id.* at 1-2.

[35] *Id.* at 5, 10-12.

[36] *Id.*

[37] *Id.* at 11-13.

[38] *Id.* at 13.

custody."[39]  In other words, the purpose of § 2241 is to allow a detained person the opportunity to challenge the lawfulness of her detention.[40]  Thus, as relevant to Mendoza's petition, this court has subject-matter jurisdiction "if two requirements are met: (1) the petitioner is 'in custody,' and (2) the custody is 'in violation of the Constitution or laws or treaties of the United States.'"[41]

Respondents do not contest that Mendoza is "in custody" for purposes of § 2241.  She is currently a pretrial detainee at the Weber County Correctional Facility on a no-bail order.[42]  But nowhere in her petition does Mendoza ever challenge the legality of her confinement.  She never argues, for example, that the State does not have probable cause to hold her or that the no-bail determination by the state trial court was constitutionally flawed.

Rather, she challenges the adequacy of the Weber County public defender system and claims that it is "deficient on its face."[43]  She points out that Utah law prevents her from accessing public funds for an investigator and experts so long as she is represented by a private attorney of her choice.[44]  But she claims that if she chooses to be represented by a public defender with access to the publicly funded defense resources she needs, she will not receive effective representation.[45]  This is so, she argues, because the Weber County public defender

---

[39] *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

[40] *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993) ("A petition for habeas corpus attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement.").

[41] *Baquera v. Longshore*, 948 F. Supp. 2d 1258, 1259 (D. Colo. 2013) (quoting 28 U.S.C. § 2241(c)(3)).

[42] Criminal Docket at 7.

[43] Habeas Pet. at 5.

[44] *Id.* at 3.  In her petition, Mendoza never actually challenges the Utah Supreme Court's holding in *Earl* that a "defendant who opts out of public representation has also opted out of public defense resources, and nothing in the Constitution requires a different result." *Earl*, 2015 UT 12, ¶24.  *See also* Utah Code Ann. § 77-32-303.

[45] *Id.* at 5, 10-12.

7

system is so inadequately funded that it cannot ensure that she receives the basic tools of an adequate defense or that she is provided the effective representation that the Sixth Amendment demands.[46] She therefore requests an order directing "Weber County to provide funds for an investigation and experts as required by the 6th Amendment."[47]

But missing from Mendoza's challenge is any attempt to establish a nexus between her Sixth Amendment claim that the Weber County public defender system is deficient, and the legality of her present pretrial custody. Without this showing, her argument is not a challenge to the lawfulness of her confinement. Indeed, even assuming for the sake of argument that the Weber County public defender system is so underfunded that no public defender could provide her the effective representation required by the Sixth Amendment, the relief she would get is not release from custody, but simply funding for defense resources.[48]

Because Mendoza's arguments do not challenge the legality of her custody, this court lacks subject-matter jurisdiction over her habeas petition.[49]

### B. Mendoza's Claims Are All Based on Her Sixth Amendment Challenge to the Weber County Public Defender System, Which Is Not a Cognizable Claim Under § 2241.

Mendoza's habeas claim is that if she is required to give up her privately retained attorney, she will have to opt into a public defender system that she asserts is so inadequate that

---

[46] *Id.*

[47] *Id.* at 13.

[48] *Stewart v. Clark*, No. 2:06-CV-465 TS, 2008 WL 612292, at *1 (D. Utah Mar. 5, 2008) (denying relief under § 2241 because "none of Petitioner's issues really attacks the validity of the State's custody over him.").

[49] *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (district court lacked jurisdiction under § 2241 where petitioner was "not attacking the legality of his custody or seeking release from illegal custody."); *Otey v. Hopkins*, 5 F.3d 1125, 1130-32 (8th Cir.1993) (court lacked jurisdiction over § 2241 habeas petition because prisoner's challenge to Board of Pardons' procedure was not challenge to fact or duration of his custody).

she will not receive the effective representation that the Sixth Amendment requires.[50] All her claims for relief are coextensive with this Sixth Amendment challenge.[51] But the "fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody."[52] Controlling authority indicates that the "types of claims cognizable under § 2241 are those in which an individual seeks either immediate release from, or a shortened period of, physical imprisonment, i.e., placement on parole or in a parole-like custodial setting, or immediate release from, or a shortened period of, custody altogether."[53] But again, nowhere does Mendoza establish a nexus between her Sixth Amendment claim and the lawfulness of her present pretrial custody. Because her challenge is not an attack on the fact or duration of her custody, which is the "essence" of habeas corpus, it is not a challenge that is cognizable under § 2241.[54]

### C. Even Had Mendoza Challenged the Legality of Her Custody, She Has Not Exhausted Her State Court Remedies.

Even assuming that Mendoza had challenged the lawfulness of her custody, her petition must still be dismissed because she has failed to exhaust her state court remedies, which are still available to her. It is well-settled that before habeas relief may be granted, a petitioner "must exhaust his remedies in state court. In other words, the state prisoner must give the state courts

---

[50] See Habeas Pet. at 5, 10-12.

[51] Id. at 11-13.

[52] Palma-Salazar, 677 F.3d at 1035. See also 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [she] is in custody in violation of the Constitution or laws or treaties of the United States.").

[53] Id. at 1037 n.2.

[54] See Preiser, 411 U.S. at 484. See also Murray v. Bledsoe, 386 F. App'x 139, 140 (3d Cir. 2010) (claim not challenging legality of confinement not cognizable under § 2241); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) ("According to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.").

an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."[55] This requirement applies to habeas petitions brought under § 2241.[56] Accordingly, if a state avenue for challenging the legality of custody exists, exhaustion requires Mendoza to pursue it before seeking relief in the federal courts. Exhaustion is complete only when the state's highest court has had an opportunity to rule on the issue.[57]

Mendoza has not exhausted her state court remedies concerning the lawfulness of her custody.[58] There is no evidence that after the trial court ordered her to be held in jail without bail, Mendoza made any attempt to appeal the court's order. But such a challenge is specifically provided in the Utah Code of Criminal Procedure: "An appeal may be taken from an order of any court denying bail to the [Utah] Supreme Court . . . ."[59] Importantly, this avenue for relief is still available to Mendoza. Thus, because Mendoza has not given the Utah Supreme Court the opportunity to rule on the legality of her custody, as a matter of law this issue is unexhausted for purposes of her § 2241 petition.

In addition, although Mendoza voluntarily withdrew her petition for interlocutory review of her Sixth Amendment claim against Weber County—which was then dismissed with prejudice by the Utah Court of Appeals—a state avenue still exists for her to present her claim to Utah's

---

[55] *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).

[56] *See Wilson v. Jones,* 430 F.3d 1113, 1117 (10th Cir. 2005) (noting habeas petitioner seeking relief under section 2241 is required to first exhaust available state remedies); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

[57] *See Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) ("The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court . . . .").

[58] *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981) ("The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions.").

[59] Utah Code Ann. § 77-20-1(7).

appellate courts.[60] And this is true notwithstanding the Utah Supreme Court's decision in *Earl*. As previously noted, the defendants in *Earl* were charged with crimes in Salt Lake County and Utah County.[61] Consequently, the Utah Supreme Court's opinion did not resolve Mendoza's claim that the Weber County public defender system violates the Sixth Amendment.[62] If Mendoza is convicted at trial, she will be entitled to a direct appeal where she may raise her claim.[63] And, if proper, she may also raise her claim in a petition seeking post-conviction review.[64]

Thus, whether Mendoza wants to challenge the legality of her custody or the adequacy of the Weber County public defender system, an avenue for Mendoza to exhaust her state court remedies still exists.[65]

## CONCLUSION

Mendoza's habeas petition does not challenge the lawfulness of her pretrial detention and otherwise fails to raise a cognizable claim under § 2241. Consequently, this court has no jurisdiction to consider the petition. Furthermore, even had Mendoza challenged the legality of

---

[60] Notice of Pet. for Review of Interlocutory Order; Habeas Pet. at 2; Order of Dismissal.

[61] *Earl*, 2015 UT 12, ¶3.

[62] *Id.* at ¶23.

[63] *See* Utah R. App. P. 3 ("An appeal may be taken from a district . . . court to the appellate court with jurisdiction over the appeal from all final orders and judgments . . . by filing a notice of appeal with the clerk of the trial court within the time allowed.").

[64] *See* Utah Code Ann. § 78B-9-102(1) (post-conviction relief may be sought "for any person who challenges a conviction or sentence for a criminal offense and who has exhausted all other legal remedies, including a direct appeal.").

[65] *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("'[F]ederal courts should abstain from the exercise of [§ 2241] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.'" (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)).

her pretrial custody, she has not exhausted her state court remedies, which are still available to her. Accordingly, the dismissal of Mendoza's habeas petition is appropriate.

## ORDER

IT IS HEREBY ORDERED that Petitioner Victoria Mendoza's petition for writ of habeas corpus under § 2241 is DISMISSED without prejudice. Her request to be released from custody cannot be granted because she does not qualify for a writ of habeas corpus for the reasons discussed above. Mendoza's request that this court "require Weber County to provide funds for an investigation and experts" or her claims for relief under § 1983 are not decided by this Memorandum Decision and Order.

Dated September 15, 2015.

BY THE COURT:

_____
David Nuffer
United States District Judge